IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01475-DME-KLM

CAROL THIELE and LYNN SWANEMYR, Individually and on behalf of themselves and the Colorado class of similarly situated royalty owners,

    Plaintiffs,

vs.

ENERGEN RESOURCES CORPORATION,

    Defendant.

---

### PROTECTIVE ORDER

---

THIS MATTER comes before the Court on the "Unopposed Motion for Entry of a Protective Order" filed by Defendant Energen Resources Corporation. The Court being fully advised in the premises and finding good cause for granting the motion, HEREBY ORDERS AS FOLLOWS:

### DEFINITIONS

1.     The following definitions shall apply to this Order:

    a.     "Person" shall include individuals and entities;

    b.     "Litigants" shall mean and refer to any party, including those hereafter joined;

c. "Confidential Material" or "Confidential Information" shall mean and refer to any documents, materials, tangible things, deposition testimony or information which are:

(1) deemed in good faith by the Litigant or person producing them at the time of production to constitute, contain, reveal or reflect confidential or proprietary financial, technical, business planning, research, personnel or related information; and

(2) designated as such in accordance with the procedures set forth herein; and

(3) not available as a type of public record;

d. "Outside Counsel" shall mean the attorneys who are not employees of the parties but who represent the parties in this litigation.

e. "Discovery Information" shall mean hard copy documents, electronically stored information (ESI), answers to interrogatories, answers to deposition questions, responses to requests for admission, and such other materials and information as may be provided by and to the parties and by third persons.

## INADVERTENT DISCLOSURE OF DISCOVERY INFORMATION AND CLAWBACK STIPULATION

2. The parties believe that the volume of documents that may be responsive to the discovery requests in this action is of a magnitude that a document-by-document review of certain types of documents prior to production would be unduly burdensome on the producing party. The parties further believe that permitting the production of documents pursuant to this

Order, without a document-by-document review by the producing party in all instances prior to production may materially reduce the cost of discovery and the attendant burden on the parties. However, adopting the approach set forth herein may result in the inadvertent disclosure of Discovery Information that is subject to a claim of attorney-client, work product and/or other applicable privilege or immunity (collectively, Privileged Discovery Information). Pursuant to Federal Rule of Evidence 502, the parties understand and stipulate that disclosure of Privileged Discovery Information pursuant to this Order will not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client, work product or other applicable privilege or immunity.

    a.    A producing party shall not be obligated to conduct a document-by-document review of Discovery Information prior to its production; provided, however, that with respect to ESI, a producing party shall utilize reasonable means to locate and exclude potentially Privileged Discovery Information prior to any production. Any potentially Privileged Discovery Information so excluded shall be reviewed by the producing party and, if such information is responsive and non-objectionable, either (i) produced (if such information is not deemed Privileged Discovery Information), or (ii) placed on the producing party's privilege log (if such material is deemed Privileged Discovery Information), in the normal course of discovery, consistent with the rules of this Court. If a producing party complies with this paragraph, such producing party shall be deemed to have implemented adequate precautions to prevent a privilege waiver based on the inadvertent disclosure of Privileged Discovery Information, consistent with the requirements of Federal Rule of Evidence 502.

b.  Disclosure of Privileged Discovery Information in this action shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any attorney-client, work product or other applicable privilege or immunity. As such, any Privileged Discovery Information shall be deemed to have been inadvertently produced and the producing party shall not be held to have waived any privilege by such inadvertent production.

c.  All Discovery Information that is inadvertently disclosed and subject to a claim of protection from disclosure pursuant either to a privilege or the work product doctrine shall be promptly returned to the producing party upon request, together with all copies of any such Discovery Information. To the extent electronic copies of the privileged document exist, they shall be promptly segregated and removed from viewing and retrieval access in the applicable storage location. Subsequently, within a reasonable time following the notice, the electronic copies will be deleted. Further, ten (10) days after providing notice of the inadvertent disclosure of Discovery Information, the producing party shall serve the non-producing party with a privilege log. The non-producing party shall not review the Discovery Information after receipt of notice of inadvertent disclosure unless and until the Court issues an order finding the privilege claim invalid. Upon the date of receipt by the non-producing party of notice of inadvertent disclosure of Discovery Information, the privileged or work product status shall be deemed to be restored until the parties agree otherwise or the Court rules on the issue.

d.  If the non-producing party desires to contest the privilege claim, the parties shall meet and confer to try to resolve the dispute without Court intervention. If the parties cannot resolve the dispute, within thirty (30) calendar days of the meet and confer, the

4

non-producing party must ~~file~~ make a motion pursuant to MJ Mix's discovery procedures seeking relief from the Court. If requested by the Court, the producing party must submit the contested Discovery Information in camera to the Court in connection with its response.

    e.  If the non-producing party does not move the Court for an order contesting the claimed privileged status of such Discovery Information within thirty (30) calendar days of receipt of notice of the claim, the Discovery Information shall be treated thereafter as privileged or work product and may not be used in argument, briefing, as evidence, or otherwise.

    f.  If the contested Discovery Information is held by order of the Court to be protected from disclosure pursuant to a claim of privilege or work product, no use whatsoever, with the exceptions of making offers of proof and/or for related appellate challenges pertaining to the privileged nature of the Discovery Information, shall be permitted of any such inadvertently disclosed privileged or work product Discovery Information, in argument, in briefing, as evidence, or otherwise.

## "QUICK PEEK" PROVISION

  3.  A producing party may use a "quick peek" procedure in the production of documents, whereby the producing party provides Discovery Information for initial examination to the requesting party without waiving any claim of applicable privilege or immunity, including work product protection, or a claim that documents should be designated as confidential information and without invoking the inadvertent disclosure provisions set forth in the prior paragraph.

## DESIGNATION OF CONFIDENTIAL MATERIALS

4. A producing party may designate any Discovery Information as "Confidential" by marking each confidential page of a document as "Confidential" prior to the production to another party; this methodology may be used both for hard copy documents and for ESI produced as an image file such as a TIFF. With respect to ESI produced natively (such as large spreadsheets not easily comprehensible as TIFF images or databases) and that is not suitable for the individual labeling of each page, a "Confidential" label placed on the face of the disk or other storage media prior to the production to another party may be used to designate the information as such.

5. With respect to Discovery Information made available for review and inspection pursuant to the "quick peek" provision, these documents shall be subject to this Protective Order when made available, whether marked or not. When a set of hard copy documents made available subject to "quick peek" is subsequently labeled and produced per the reviewing Litigant's instructions, where feasible, each page shall be marked "Confidential" to designate Confidential Information. In the event the hard copy documents are scanned or imaged for production, the "Confidential" designation shall be embedded on the electronic image.

6. Portions of depositions which deal with Confidential Materials, as defined herein, may be designated as "Confidential" on the record during the deposition or at any time within thirty (30) days after the original transcripts are made available to counsel for review and correction. Designation(s) not made on the record during the deposition shall be made in writing; portions so designated shall be deemed Confidential. No one shall divulge any portion

of any deposition other than to a Qualified Person, subject to the provisions of this Order, prior to thirty (30) days after the deposition transcript has been provided to counsel so that appropriate steps can be made to designate the material.

7.  Copies, extracts, summaries, notes, and other derivatives of Confidential Information shall also be deemed as Confidential Information and shall be subject to the provisions of this Order.

8.  The "Confidential" designation discussed herein shall be placed on documents in such a manner that it does not obscure or make illegible the wording of the document.

## RESTRICTIONS ON USE OF CONFIDENTIAL MATERIALS

9.  The following restrictions and procedures shall apply to any Confidential Material:

    a.  Confidential Material produced in this litigation and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals therefrom.

    b.  Access to Confidential Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Confidential Material to perform their duties in this action.

        (1)  The judges assigned to this case, personnel of the Court, court reporters, the members of the venire, the jurors, video equipment operators at deposition, any

special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

   (2)  Attorneys for Litigants, including in-house counsel;

   (3)  Litigants;

   (4)  Employees of Litigants and corporations, partners, persons or other entities who are responsible for assisting counsel in the conduct of this action;

   (5)  Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Order;

   (6)  Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

   (7)  Experts or consultants that are employed or retained to assist counsel in this action or designated as trial witnesses;

   (8)  Deponents and their counsel during the course of depositions taken in this action;

   (9)  Trial witnesses;

   (10)  Potential witnesses who are the author or recipient(s) of the document, the original source of the information, have prior knowledge of the matters addressed or reflected in the document, or employees or agents of the entity producing or receiving the information; and

   (11)  Other persons by written agreement of the Litigants.

      c.      Qualified Persons shall not disclose any information marked as confidential to any other persons or entities.

## GENERAL PROVISIONS GOVERNING CONFIDENTIAL MATERIAL

10. Any Qualified Person described in subparagraphs 4(b) and 5(b) provided copies of or access to Confidential Material produced in this litigation, or any information contained therein or derived therefrom, shall, as a precondition to such disclosure:

      a.      be advised of the provisions of this Order, and of the limited purpose for which the information contained in or derived therefrom may be used; and

      b.      execute the attached Acknowledgement of Protective Order which recites that he or she has received and read a copy of this Order, and agrees to be bound by its provisions.

These procedures need not be followed if the Qualified Person to whom the Confidential Material is provided is an employee or agent of the company that produced or received the Confidential Material.

11. Confidential Material produced in this litigation, or any information contained therein and derived therefrom, may be disclosed to a witness during deposition or trial in this case, subject to the condition that the witness is not provided with any such materials to take from the place of the deposition or trial.

12. Within sixty (60) days of the final termination of this action, whether by settlement or judgment, including any appeals therefrom, each Litigant or other Qualified Person, shall certify that Confidential Material produced in this litigation (including testimony

designated "Confidential" and associated deposition exhibits) has been destroyed or returned to the Litigant or other person from whom it was received, including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which, in the judgment of the Litigant's counsel, constitute work product materials. Litigants' counsel may retain one copy of the Confidential Material for the sole purpose of maintaining a complete file. Such Confidential Material shall remain subject to the provisions of this Order and any access to the Confidential Material shall be limited to the Qualified Persons as defined herein.

13. The restrictions governing Confidential Material do not apply to material or information obtained or acquired by a party prior to this litigation or from a source other than discovery in this litigation, and do not preclude a party from using its own Confidential Material as it deems appropriate or necessary.

14. Any party that seeks to file Confidential Material with the Court shall, in addition to the procedures set forth above, follow the Court's procedures regarding filing sealed documents. Confidential Material may be offered in evidence at trial or any court proceeding in the pending litigation, provided that the party who produced the documents may move the Court for an order that the materials be received under conditions to prevent unnecessary disclosure or filed under seal pursuant to the Clerk's procedures.

15. When Confidential Material is presented, offered, quoted or referenced in any hearing, counsel presenting, offering, quoting, or referencing such material shall alert the Court

so that the Court may take such steps as it believes are reasonably necessary to protect the Confidential Material at issue.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

16. Entering into, agreeing to, producing or receiving any Confidential Material, or otherwise complying with the terms of this Order shall not:

    a. Constitute an admission by any person that any Confidential Material contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

    b. Prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

    c. Prejudice in any way the rights of any person to seek a court determination whether particular discovery materials should be produced, or if produced, whether such material is properly subject to the terms of this Order;

    d. Prejudice in any way the rights of any person to seek a court determination that access to Confidential Material should be granted to a person not herein specifically designated to receive the same; or

    e. Prejudice in any way the rights of any person to apply to the Court for a further protective order relating to any asserted confidential information, trade secrets or proprietary information.

17. A party may object to any designation of Confidential Material at any time by notifying the producing party in writing. The producing party, upon receipt of such objection,

shall within fourteen (14) days of receipt initiate a meet and confer process with the objecting party in an attempt to resolve the issue without court involvement. Should the meet and confer process fail to resolve the issue, the objecting party shall, within a reasonable time frame after the conclusion of the meet and confer process, and no later than 30 days prior to any hearing or trial in which the objecting party intends to utilize the discovery materials, ~~file~~ make an appropriate motion ~~with the Court~~ pursuant to MJ Mix's discovery procedures seeking "de-designation" of the discovery materials; failing to do so will be deemed a waiver of the protections contained in this Order. The discovery materials will be handled as designated until the Court's ruling. All parties will cooperate in submitting the issue of the designation to the Court in an expeditious manner.

*KLM*

## INADVERTENT DISCLOSURE OF CONFIDENTIAL MATERIAL

18. In the event a Party discovers it has inadvertently produced Confidential Material, without so designating such information, the party must within a reasonable time notify all parties of record and designate the information "Confidential." If the requesting party does not challenge the confidential designation, the parties will from that point forward treat the information as designated under this Order. If the requesting party challenges the "Confidential" designation, the parties will follow the procedure set forth in paragraph 17.

## NON-PARTY DISCOVERY

19. Discovery of non-parties to this action may involve the production and/or receipt of information that constitutes or contains confidential material of the non-party or of a party to this action. A non-party producing such materials in this case may designate as "Confidential" some or all of the materials that it produces in the manner as provided for in this Order with

respect to the production of information by a party to this action. Non-party materials designated as "Confidential" by the producing non-party, or by a party to this action, shall be governed by all terms of this Order. Nothing herein, however, shall preclude a non-party from (a) entering into separate agreements with the Parties regarding treatment of the non-party's confidential material different from that provided for in this Order; and/or (b) moving the Court for protection of the non-party's confidential material different from that provided in this Order.

20. During the course of this action, a party may be requested to produce documents, information, or things in his/her/its possession, custody, or control, but subject to contractual or other obligations of confidentiality owed to a non-party. The party subject to this contractual or other obligation of confidentiality shall promptly inform the non-party of the request to produce the confidential information, provide that non-party with a copy of this order, and inform the non-party that it will mark the material as "Confidential." Absent the filing of a motion by the non-party pursuant to MJ Mix's discovery procedures within ten days of the notice, the party receiving the request shall designate the materials as "Confidential" and produce it.

## MODIFICATION OF PROTECTIVE ORDER

21. Any of the parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Order.

_____
United States ~~District Court~~ Magistrate Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01475-DME-KLM

**CAROL THIELE and**
**LYNN SWANEMYR, on behalf of themselves**
**and a class of similarly situated royalty owners,**

 **Plaintiffs,**

vs.

**ENERGEN RESOURCES CORPORATION,**

 **Defendant.**

---

### ACKNOWLEDGMENT OF PROTECTIVE ORDER

---

 Before working on and reviewing documents in the above-referenced matter, it is necessary that you read the Protective Order entered in the above captioned case. Part of this Protective Order requires that all Qualified Persons or entities employed by litigants in this matter be advised of the provisions of the Protective Order, and of the limited purposes for which confidential materials or other information contained in or derived therefrom may be used. Once you have carefully read the Protective Order, please acknowledge that you understand its contents and that you agree to be bound by its provisions by signing where provided below.


_____
Signature of Qualified Person

ACKNOWLEDGMENT:

 I have read and agree to the provisions outlined in the Confidentiality and Protective Order entered in the above captioned case.

_____
Signature of Qualified Person
Date:

8025559_1