**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01475-DME-KLM

CAROL THIELE AND LYNN SWANEMYER, individually and on behalf of themselves and the Colorado sub-classes of similarly situated royalty owners,

    Plaintiffs,

v.

ENERGEN RESOURCES CORPORATION,

    Defendant.

**MEMORANDUM AND ORDER TEMPORARILY STAYING CASE**

In its Motion to Dismiss or Stay Litigation (Doc. 18), Energen asks this Court to dismiss Plaintiffs' actions under the "first-filed rule," arguing that a previously-filed lawsuit in New Mexico is so substantially similar to this action as to be the same case. In the alternative, Energen asks this Court to stay the case until the New Mexico *Anderson* action comes to an end. For reasons that follow, this Court will DENY IN PART Energen's motion to the extent it seeks dismissal of the case and GRANT IN PART Energen's motion to stay until after the New Mexico district court has ruled on the class certification issue in the *Anderson* case.

**I.**    **Legal Standard**

The first-filed rule states that the "first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The first-filed rule promotes judicial economy because the

"simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy and money." *Id.* (quotations omitted).

District courts have wide discretion to stay a proceeding. *See State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979). In deciding whether to stay a case, district courts should consider:

> comity, the extent of disputed factual (as opposed to legal) issues involved, adequacy of relief available in [the other] court, avoidance of maneuvers designed to throw sand into judicial machinery, the order in which the courts obtained jurisdiction, the need for comprehensive disposition of litigation, and the desirability of avoiding piecemeal litigation.

*Id.*

## II.     Factual Background

On April 24, 2015, Carol Thiele and Lynn Swanemyer, two Energen royalty owners with Colorado well interests, filed this suit in Colorado state court. Energen removed the case to federal court. Plaintiffs, in their First Amended Complaint, added another plaintiff—Gerald Ulibarri—a royalty owner with New Mexico well interests who has since dismissed his claims against Energen without prejudice. Plaintiffs seek recovery for breach of contract, breach of the implied duty to market, and violation of the New Mexico Oil and Gas Proceeds Payment Act. A major contention is whether Energen could deduct the New Mexico natural gas processors tax (NGPT) amounts from its royalty payments to Plaintiffs. Plaintiffs have filed in this Court for a class certification on that issue.

Previous to this lawsuit, on September 20, 2013, several royalty owners with interests in Energen wells filed a class-action lawsuit against Energen in New Mexico federal district court. *Anderson Living Trust, et al. v. Energen Resources Corporation*, No. 1:13-cv-00909-WJ-CG (D.N.M. filed September 20, 2013). The *Anderson* plaintiffs make several arguments similar to

Plaintiffs' claims. The most significant claim for purposes of this motion is that the *Anderson* plaintiffs' class-action definition would include royalty owners in Colorado who claim that Energen breached its contracts by deducting NGPT from royalty payments—a definition which fits Plaintiffs. The *Anderson* class-certification discovery closed on July 27, 2015 and there is currently a pending motion for class certification in that case.

### III.     Analysis

As a preliminary matter, this Court will not, at this stage of the proceedings, use the "first-filed rule" to dismiss Plaintiffs' claims nor stay it until the *Anderson* litigation is completed. Plaintiffs are not the same parties as the *Anderson* plaintiffs, the contracts are different, the locations of the breach are different, and from the vantage point of this Court, it is a bit unclear precisely what claims are pending in the *Anderson* proceeding.

However, because the *Anderson* plaintiffs have engaged in extensive class-certification discovery and proposed a class that will cover Plaintiffs—or at least some of Plaintiffs' claims—this Court will stay the current action until the New Mexico district court has had a chance to rule on the class certification. New Mexico obtained jurisdiction over the class issue earlier than the filing date in this Court. If the New Mexico district court grants certification over Colorado royalty-holders' NGPT claims, then Plaintiffs could have adequate relief in that court or they could decide to opt out of the class in the *Anderson* litigation (the proposed *Anderson* class is a Rule 23(b)(3) class from which Plaintiffs could elect to opt out). However, it at least appears to this Court at this time that the *Anderson* class could comprehensively dispose of the litigation and avoid piecemeal litigation. *See State Farm*, 601 F.2d at 1155. If the New Mexico district court does not grant class certification, the class certification is limited, the district court excludes Colorado royalty-holders' NGPT claims from the class certification, or if Plaintiffs opt

3

out of the *Anderson* class, then Plaintiffs will have their day in Colorado district court. Because there are still uncertainties about whether the *Anderson* class would cover all of Plaintiffs' claims, the parties are ordered to brief this Court on developments in *Anderson* after the class certification is obtained in that court.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Dismiss or Stay Litigation is GRANTED IN PART to the extent it stays the case until the New Mexico district court rules on the *Anderson* plaintiffs' class certification and DENIED IN PART to the extent it seeks to dismiss this case under the "first-filed rule."

**IT IS FURTHER ORDERED THAT** the parties shall file status reports in six months from the date of this order or within thirty (30) days after the United States District Court for the District of New Mexico's decision regarding the class certification motion in the New Mexico *Anderson* action, whichever occurs first. If the class is certified in *Anderson*, the parties' status reports should discuss to what extent the *Anderson* class would cover Plaintiffs' claims in this case. If the *Anderson* class does not cover the entirety of Plaintiffs' claims, the parties should discuss whether res judicata affects the claims in this Court not covered in *Anderson* and whether Plaintiffs could bring the non-covered claims in Colorado if they decide to join the *Anderson* class (*see*, *e.g.*, Restatement (Second) of Judgments § 24).

**IT IS SO ORDERED.**

Dated this ___7th___ day of _____December_____, 2015.

BY THE COURT:

 *s/ David M. Ebel*
DAVID M. EBEL
U. S. CIRCUIT COURT JUDGE